Texas & Pacific R. R. Co. vs. The Southern Development Co.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the ordinance No. 88, under which defendant was convicted and sentenced, be decreed null, and of no effect, and that the defendant be discharged from further prosecution thereunder.

---

## No. 13,264.

THE TEXAS AND PACIFIC RAILWAY CO. VS. THE SOUTHERN DEVELOPMENT COMPANY.

### SYLLABUS.

1. *Jury's Estimate of Value.* In estimating the value of land for the expropriation of a right of way, it is not necessary to take the jury's estimate as correct.
2. *There is a Right of Appeal.* Though it is left to estimate the value of the land to be expropriated, the verdict is subject to review on appeal.
3. *Case Comes up Anew on Appeal.* While the jury's verdict is entitled to respect, the facts and the law are considered anew by the appellate tribunal.
4. *The Value of the Property.* Property may have the greatest value in "commerce" and "in exchange," and very little value in "use." The lands, inferior as farming lands and of limited value as such, have, on account of their situation some value "in commerce." If considered with reference to farming, the land would be of little value, and if considered with reference to its value in the course of time in view of the extension of a town, it would be very valuable. Adopting neither extreme, the court fixed upon the medium between the two and increased the verdict.

APPEAL from the Fourteenth Judicial District, Parish of West Baton Rouge—*Talbot, J.*

---

*Howe, Spencer & Cocke* and *L. DePoorter* for Plaintiff, Appellee.

---

*Samuel G. Laycock* and *L. D. Beale* for Defendant, Appellant.

---

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues to expropriate a right of way one hundred feet wide by twenty-nine hundred and fifty-six feet long from one side to the other of the Carolina plantation in West Baton Rouge, owned by the defendant company.

The tract plaintiff seeks to expropriate runs ·diagonally across the front lands of the plantation and is situated between the ferry landing opposite the city of Baton Rouge and Port Allen bounding it above.

Defendant opposes the expropriation, and in its answer sets out that the land is worth two hundred dollars per acre. The superficial area plaintiff seeks to expropriate is six 78-100 acres. Defendant further avers that on account of the diagonal course of the road through the land, it would leave the land lying in the angles formed by its intersection with the upper line of St. Michael, a town adjacent, unfit for cultivation; that the railroad embankment would impair the drainage of the front lands and necessitate the making of other drains; that the corn and cotton on the land would be destroyed; that the defendant should not only be paid for the land but other damages fixed as follows:

| | | |
|---|---:|---:|
| 6.78 acres of land in right of way | $1356 | 00 |
| 2 acres of land lost | 400 | 00 |
| Damage to drainage and roads | 500 | 00 |
| Damage to crops, 8.78 acres, at $20.00 | 175 | 00 |
| | $2431 | 00 |

and asked for judgment for that amount. The cause was tried before a jury, their verdict allowing plaintiff the six 78-100 acres of land for right of way at thirty-five dollars ($35) per acre, value of the crop at ($12) twelve dollars per acre for cotton and eight dollars ($8) for corn.

Judgment was rendered in accordance with this verdict. Defendant prosecutes this appeal.

We have only to deal with the weight and value of evidence. Defendant does not charge that any error has been committed by the court, either in matter of law or in admitting or rejecting evidence.

The charge of the court fully instructed the jury regarding their duty in estimating the value of the land and in fixing the amount of the damages.

We take up for analysis the testimony of the first witness who testified for the plaintiff. Mr. Theodore Borch said that he is acquainted with the value of lands in the locality in which the land which plaintiff seeks to expropriate is situated; that the land in the centre of the plantation is worth from ten ($10) to thirty ($30) to forty ($40) dol-

Texas & Pacific R. R. Co. vs. The Southern Development Co.

lars per acre, and in the front next to St. Michael it is worth from fifty ($50) to one hundred ($100) dollars; the land in rear of the court house is worth from twenty-five ($25) to fifty ($50) dollars per acre; from where the projected road enters the Carolina plantation to the court house it is worth from three hundred dollars ($300) to three hundred and fifty dollars ($350) per acre, for the reason that it is near the town of Port Allen and the land there is much more valuable than elsewhere. About two months before he was called as a witness, the witness bought a tract of land measuring four hundred acres, situated about two miles from Port Allen, for which he paid ten dollars ($10) per acre. He said that it is not as valuable as the property in question, because it is situated at some distance from the ferry landing.

Mr. Charles Byrnes, another witness for plaintiff, says he paid fifteen dollars ($15) an acre for his plantation consisting of cleared and good land; that forty ($40) or fifty dollars ($50) an acre is the average price for cleared land; that Carolina plantation is not valuable for farming purposes; it will not produce a cane crop; that the land is "black", "stiff", and unproductive. He confesses that he has no personal knowledge of the character of the land, save by hearsay.

Mr. Alphonse Rivault, also for plaintiff, says that he has no special knowledge regarding the value of land save that as to crops they never amount to much on this plantation.

Mr. Ernest Haydel thought that "stiff" or black lands on Carolina plantation are worth from fifteen ($15) to twenty dollars ($20) an acre, but has no special knowledge of the place.

Mr. A. V. Dubroca places the market value of the land at twelve ($12) to fourteen dollars ($14) an acre, and along the line sought to be expropriated he thought it was worth from thirty ($30) to forty dollars ($40) an acre.

Another witness, Mr. Louis Kirkland, estimates the value of the land at about thirty ($30) to forty dollars ($40) an acre.

Mr. Babin estimates the value of the whole plantation, measuring eight hundred acres of land, at fifteen or twenty dollars per acre and that from twenty-five ($25) to thirty dollars ($30) an acre would be about its value because of the inferiority of the soil in front.

Mr. William Gassie estimates the value of the Carolina plantation at twenty dollars ($20) an acre and the front portion, where the court

house is, at from forty ($40) to fifty dollars ($50), and the part near the ferry landing at from fifty to sixty dollars an acre.

Mr. A. D. Barrow called by defendant, said that the front of the Carolina plantation is worth ($120) one hundred and twenty dollars an acre; that one hundred and twenty dollars ($120) was actually offered for the front portion of the land by a person well able to buy.

The last witness, Mr. James A. Robertson, for defendant, said that he estimates the land at one hundred and fifty ($150) to two hundred dollars ($200) per acre.

If the minimum of the estimates placed upon the land be taken the amount would be less than the amount of the verdict. If a reasonable maximum of this estimate is taken as a basis, the amount would be more than the amount of the verdict. Comparing figures, and to some extent, averaging the estimates, we think that fifty-five dollars ($55) per acre is a correct estimate of the value of the land. Our attention is directed by counsel's brief to those decisions in which it is held that a verdict of a jury as relates to facts is presumed to be correct, also to the section of the Revised Statutes 1481, ordering that the jury shall, by its verdict, determine, after hearing the parties and the evidence. We adhere to the decisions to which we have been referred and we always attach importance to the verdict of a jury, but we think in this case the jury has made an error in adopting too low an estimate.

Regarding the statute just cited, it directs the jury to determine the controversy, but the verdict is always subject to review on appeal. On appeal, the whole case is examined and tried. The whole case is subject to review on the law and the facts, and, if in thus reviewing a verdict, we arrive at the conclusion, despite the respect we entertain for the jury's verdict, that the amount should be increased, we cannot do less than increase it to the amount we think the evidence sustains. This increase, over the amount of the verdict, in view of the evidence in the case is, we think, authorized by our jurisprudence.

With reference to the other items claimed by the defendant, we have found no ground upon which to disturb the judgment.

It is therefore ordered, adjudged and decreed that the verdict and judgment be amended by increasing the estimate of the value of the land from thirty-five dollars ($35) to fifty-five dollars ($55) per acre, and, as amended, the judgment is affirmed at appellee's costs.