(33 South. 725.)

No. 14,498.

NATCHITOCHES RY. & CONST. CO. v. HENRY et al.

(Feb. 16, 1903.)

EXPROPRIATION OF RIGHT OF WAY—DAM- AGES—REVIEW.

1. In a case involving the expropriation of a right of way for a railroad, the verdict of the jury will not be disturbed when the only question is as to the value of the property and the amount of the damages, and the testimony is about evenly balanced, and it appears that the jury visited the premises in order to form an idea by their own observation of the locus.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Natchitoches; Charles V. Porter, Judge.

Action by the Natchitoches Railway & Construction Company against Samuel J. Henry and others. From the judgment, plaintiff appeals. Affirmed.

Jack & Fleming, for appellant. Samuel J. Henry and Norwood T. Smith, for appellees.

PROVOSTY, J. The plaintiff railway company has brought this suit to expropriate a right of way 50 feet wide across defendants' plantation. The land fronts on Red River, and the right of way is to follow a line at the nearest point 260 feet, and at the farthest point 900 feet, from the river. The jury allowed $60 per acre for the land, and $325 for damages to the plantation. The railway company has appealed, and the defendants have filed an answer to the appeal, asking that the damages be increased to $800, and the amount allowed for the value of the land to $75 per acre.

We have read the testimony carefully, as well as the able briefs on both sides, in which the weak and the strong points of the testimony pro and con are brought out and presented in such way that the reader could not avoid seeing them, even if he wanted to. To reproduce this analysis, which we find to be approximately correct on both sides, would serve no useful purpose. One side fairly offsets the other. The jury visited the place, and, after hearing the evidence, came to a conclusion. They were presumably each, and every one of them, as competent as the witnesses themselves to form an opinion in the matter. They, and, for what the court knows, all the witnesses, were perfectly sincere in their estimates. The questions are purely of fact. The wise thing for this court to do under the circumstances is to affirm the judgment, and it is accordingly so ordered.