(35 South. 951.)

No. 15,014.

CITY OF NEW ORLEANS v. MORGAN.*

(Jan. 4, 1904.)

EMINENT DOMAIN—VERDICT—REVIEW.

1. A verdict fixing the value of property in an expropriation case, being, as it is, the judgment of a jury composed of persons selected because of their presumed peculiar knowledge of the subject, will not be disturbed merely because, in the opinion of this court, it may appear to be possibly over liberal to the owner.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the city of New Orleans against

---

*Rehearing denied February 29, 1904.

Allan Lee Morgan. Judgment for defendant, and plaintiff appeals. Affirmed.

Omer Villeré and Philip Stevens Gidiere, for appellant. Martha Morgan, in pro. per. (Walter Joseph Durand, of counsel). Dinkelspiel & Hart and Peter Gates Riddell, amici curiæ.

MONROE, J. This is a proceeding by the city of New Orleans to expropriate, for the purposes of a water purification and pumping plant, two squares of ground, in the Seventh District, near the upper protection levee, designated by the numbers "301" and "330." When the suit was instituted, the title stood in the name of Allan Lee Morgan, but he thereafter retransferred it to his mother, Mrs. Martha Morgan, who filed an answer denying the allegations of the petition, and averring that the property is worth $10,000. The jury assessed it at $4,200, and from a judgment predicated upon a verdict for that amount the city has appealed. The property in question is unimproved, save for a little wire fencing and a dilapidated wooden shanty of one room, which are of but little value. Squares 271 and 272 have recently been bought for $2,000 each, and square 292 has been offered at the same price, and they are thought to be more valuable than those of the defendant, because nearer to the car line on Carrollton avenue and to the more thickly inhabited part of the city. Upon the other hand, the squares 301 and 330 are higher than those of the defendant, and for that reason are better adapted to and more valuable for truck gardening, to which use they have in the past been devoted.

Upon the whole, in view of the conflicting testimony with which we are confronted, and although we are inclined to think that the amount allowed is possibly over liberal, we do not feel justified in disturbing the judgment appealed from, based, as it is, upon the verdict of a jury composed of persons selected because of their presumed peculiar knowledge of the subject.

Judgment affirmed.