(35 South. 800.)

No. 15,023.

CITY OF NEW ORLEANS v. SCHROEDER.

(Jan. 18, 1904.)

EXPROPRIATION—VALUE OF PREMISES—
REVIEW.

1. This being an expropriation case, presenting no other issue than that of value, the verdict of the jury is left undisturbed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the city of New Orleans against Henry Schroeder, Jr. Judgment for plaintiff. Defendant appeals. Affirmed.

Robert John Maloney, for appellant. Omer Villeré and Philip Stevens Gildiere, for appellee.

MONROE, J. This is an expropriation proceeding, in which the damage to the defendant, resulting from the taking of his property, was assessed by a special jury of property holders at $9,250, and from a judgment for that amount he has appealed. The plaintiff answers the appeal, and prays that the amount be reduced to $7,500. The property in question consists of three squares, Nos. 269, 295, and 296, and seven lots in square No. 270, situated between Carrollton avenue and the upper protection levee—a thinly settled part of this city, in which there are no streets, light, drainage, or water, except such as the residents provide for themselves, and which, save for a few truck gardens and dairies, is largely covered with weeds. The defendant purchased his land within the past three or four years for $4,650, and, from his testimony and that of some of the witnesses, it appears that he has since built a cottage, a barn, a stable, and some fencing, all of which are now valued at $3,500, and that he has expended about $500 in partially filling his lots; making a total, so far, of $8,-650. Beyond this, however, he demands $4,-800, as the value of certain willow trees which he alleges furnish shade for his cows, and $3,000 for inconvenience and loss which will result from his giving up the dairy business at that place. The entire property is assessed at $4,500, or, without the improvements, at about $41.33 per lot of 30x120 feet; and a witness who has been connected for

years with the assessor's office thinks that it is worth about that amount. Upon the other hand, there are witnesses who testify that it is worth from $60 to $150 per lot. A significant fact is that two squares, included within the 26 which are to be expropriated, but several blocks nearer to the more thickly settled territory and to the street railroad, were purchased shortly before the trial at $2,000 each, or, say, $83.33 per lot; and it was shown that a witness who owns another square, even more desirably situated, but not within the tract to be expropriated, has been for several years trying to find a purchaser for it at that price. The estimate which the defendant places upon his improvements is, we think, rather high; and it appears that there is a pond covering one-quarter of the square 296, and some two or three feet deep, which it will cost about $1,000 to fill, unless, as is the case with the defendant, one is content to have it filled with the garbage hauled by the city carts.

The jury does not appear to have been much impressed with the testimony offered in support of the claim for the value of the willow trees, and for loss by reason of the sacrifice of business, regarded as separate items. Nor are we.

Upon the whole, we are of opinion that the defendant is fairly compensated; the fact being made quite evident that property in that section has been enjoying something of a boom by reason of the determination of the authorities to expropriate.

Judgment affirmed.