247; Warner v. Talbot, 112 La. 831, 36 South. 743, 66 L. R. A. 336.

This error in the charge does not, however, necessitate a remanding of the case. All the facts being before this court, the court can dispose finally of the case. Hoffmann v. Ackermann, 110 La. 1070, 35 South. 293.

The jury seem certainly to have disregarded the evidence in the case. Their verdict was $470, "value of the lot and damages." Upon the evidence, the court does not see how the value of the lot could be placed at less than $500. Inasmuch as the jury allowed damages, the inference is that they concluded that the remainder of the lot would be made inaccessible to the railroad. On that assumption, the damages are not fixed by any witness at less than $500, and we will fix them at that. In view of the weight to be attributed to the verdict, we adopt minimum figures.

The judgment is therefore increased to $1,000, and, as thus amended, affirmed; appellee to pay costs of appeal.

---

(38 South. 137.)

No. 15,354.

CITY OF SHREVEPORT v. NOEL.

(Feb. 13, 1905.)

EXPROPRIATION PROCEEDINGS—TENDER—COSTS —VERDICT—REVIEW.

1. By failing to tender before suit the true value of the property sought to be expropriated, the plaintiff in such suit incurs no other penalty than the obligation to pay costs.

2. Civ. Code, art. 2637, and Rev. St. 1870, § 1486, apply to expropriation proceedings prosecuted for railroad and canal purposes, and do not apply to an expropriation suit, the purpose of which is to widen a public street.

3. A jury in an expropriation case, as in any other case, is the judge of the credibility of the witnesses, and may determine as to the value of the testimony given by such witnesses, respectively; but its verdict, like the verdict of any other jury, must eventually be predicated upon the law and the evidence, and, where it entirely ignores the evidence, and rests its verdict exclusively upon the opinions of its members, such verdict, if manifestly erroneous, as judged by the evidence, will be set aside.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by the city of Shreveport against James S. Noel. Judgment for plaintiff, and defendant appeals. Modified.

David Thompson Land, for appellant. Ruffin Golson Pleasant, City Atty., for appellee.

### Statement.

MONROE, J. The city of Shreveport seeks to expropriate, for the purpose of widening Creswell street, a strip of land belonging to the defendant, 30 feet wide by 1,327.25 feet in length. The jury valued the property at $750, and the defendant has appealed from a judgment based on that finding.

The strip in question forms part of a 10-acre tract purchased by the defendant in 1895 for $1,000, assessed at $4,000, and now valued by all the witnesses who have testified in the case at not less than $20,000. Creswell street, which is to be widened, extends along what may be called the west side of the tract, from Olive street to Herndon, a distance of four squares; and on the opposite side of Creswell street there is what is called, "Texarkana Annex," which is divided into squares and lots. The witnesses generally testify that it would add something to the value of defendant's property if it were also divided in that way, but that otherwise it is about as desirable as the property in the Annex.

Plaintiff offered two witnesses, both dealers in real estate, on the question of value. The one (Mr. Murray) testifies that defendant's property is worth $2,000 an acre, upon which basis the strip in question should be worth, say, $1,725. He also testifies that the lots in the four squares on the opposite side of Creswell street, assuming them to meas-

ure 40x130 feet, should be worth, in the aggregate, say, $15,000, upon which basis a strip 30 feet in width, taken from the front, would be worth $3,600. The other witness (Mr. McDuffy), also a real estate dealer, testifies that the strip in question is worth $2,000; and he likewise testifies that the lots on the opposite side of the street are worth from $750 to $250, as they may be situated in the one square or the other, upon which basis the strip in question would be worth, say, $2,600. Of three witnesses examined for the defendant, two value the strip in question at $3,000, and one at $3,100. Mr. Ward, examined for plaintiff, in rebuttal, testifies that the defendant's entire tract is assessed at $4,000, and his cross-examination proceeds as follows:

"Q. What rate is it supposed to be assessed at? A. Supposed to be assessed at 60 per cent. I do not know what it is worth. Q. The assessor never pretends to assess the actual value? A. No, sir; fifty or sixty per cent. Q. It is more of a guess than anything else? A. Yes, sir; pretty broad guess."

Beyond this, the evidence shows that the defendant has built residences on the tract for his children, and is building one for himself; that the strip will be taken from his yard and garden; and that he will lose with it most of his trees. It further appears that the jury visited and inspected the property.

### Opinion.

Defendant's counsel say in the brief filed by them that the verdict and judgment appealed from should be reversed (1) because no price was offered to the defendant before the filing of the suit; and (2) because the property sought to be expropriated forms part of the defendant's yard and garden, and it is not shown that the line of the proposed street cannot be changed without great public loss or inconvenience.

By reason of the failure of the plaintiff to tender the true value of the land before suit, it has made itself liable for costs. There is,

however, no other penalty. Civ. Code, art. 2638. As to the other point, it is difficult to understand how a public street could be widened without taking the land lying along either the one side or the other; and, as it is shown that a 30-foot strip has already been dedicated from the Texarkana Annex side of Creswell street, and that that side is more built up than the other, the necessity of making the expropriation as here proposed is obvious enough. The law to which the counsel refer in this connection, however, applies, ex vi termini, to expropriations for railroad and canal, but not for street, purposes. Civ. Code, art. 2637; Rev. St. 1870, § 1486.

Upon the main question, it will be seen from the statement of facts that no witness who has testified values the property sought to be expropriated at less than $1,725, and that, upon one of the two hypotheses adopted, they all concur in valuing it at a greater amount. It would therefore appear that the jury must have proceeded upon the theory that the assessment represents 50 per cent. of the value of the tract, or, whether it does so or not, that the defendant is bound by it to that extent; and hence, estimating the tract to be worth $800 an acre, that the strip in question, which is said to amount to a little less than an acre, is worth $750. The witness who testifies as to the assessment is, however, not the assessor, and does not, for himself, pretend to know anything about the value of the property. Nor does he pretend to know much about what the assessor thought of its value; the most that he undertakes to say being that the assessor is supposed to assess property at about 50 per cent. or 60 per cent. of its value, as a matter of guesswork, and "pretty broad guess" at that. The assessment therefore counts for nothing, except to show that the assessor is not discharging his duty in the manner contemplated by law; and the verdict of the jury has nothing to rest on save the sup-

posed opinions of the jurors, which are irreconcilable with the testimony of the plaintiff's as well as of the defendant's witnesses. The question, then, is, may a jury in a case like this ignore all the testimony adduced, and value the property in accordance with their individual views? We think not. Like a jury in any other case, they may judge of the credibility of the witnesses, and determine as to the value of the testimony given by such witnesses, respectively; and, as they are selected because they are presumed to know more about the value of property than the ordinary citizen, and because, as citizens, upon the one hand, and as property holders, upon the other, there is a fair presumption that they will determine the questions to be decided without undue bias for or against the public, in whose behalf the expropriation is asked, or the citizen, whose property is to be taken, their verdict is entitled to and has always been accorded the highest respect in this court. But like the verdict of any other jury, it must, after all, be predicated upon the law and the evidence, for, if the evidence may be disregarded, it would be useless to offer it; and if a verdict, when the evidence adduced has been disregarded, is legal when rendered, it must be legal for all time, since the appellate court, if one be provided, could have no means of arriving at the facts upon the basis, or of divining the process of ratiocination by means, of which it was reached. Telegraphic Cable Co. v. Railway Co., 43 La. Ann. 522, 9 South. 119; City of Shreveport v. Youree (this day decided) ante, p. 182, 38 South. 135.

The law of this state, however, specifically provides for an appeal in an expropriation case upon the question of value, as also upon the question of the necessity for the expropriation; and, whilst this court has frequently held that the verdict of the jury will not be disturbed unless manifestly erroneous (City v. Schroeder, 111 La. 653, 35 South. 800; City v. Morgan, 111 La. 851, 35 South.

951; H. & S. R. Co. v. K. C., S. & G. R. Co., 109 La. 581, 33 South. 609; N. R. & C. Co. v. Henry, 109 La. 669, 33 South. 725), it has also frequently set aside or modified such verdicts because they were manifestly erroneous, and such rulings were predicated upon the evidence brought up in the transcripts of appeal. Abney v. R. Co., 105 La. 446, 29 South. 890; City v. Manfre, 111 La. 927, 35 South. 981; M., L. & T. R. Co. v. Barton, 51 La. Ann. 1338, 26 South. 271; R. Co. v. Development Co., 52 La. Ann. 535, 27 South. 101.

Apart from other and obvious support founded in the text of the law, the view expressed in the jurisprudence thus referred to is sustained by the consideration that, whilst a jury of property holders may be presumed to know more about the value of real estate than the average citizen, it does not follow that they know more than persons who make it the business of their lives to buy, sell, and handle real estate. Again, when the plaintiff in an expropriation suit puts a witness on the stand, it may fairly be presumed that he knows in advance the valuation that such witness will place upon the property to be expropriated, and that he is satisfied with that valuation; and it would certainly require an unusual conjunction of circumstances to justify a court in awarding to the owner an amount not only less than the lowest fixed by any witness, but less than the plaintiff is willing to pay.

In the instant case, in view of the fact that the witnesses for the defendant predicate their estimates mainly upon the value of the lots in the Texarkana Annex, where the original tract has already been laid off into squares and lots. and has been more highly improved, and, in order also to give such weight as we can to the verdict of the jury, we are of opinion that the estimates of the plaintiff's witnesses, predicated upon acreage, should be adopted.

It is therefore ordered, adjudged, and de-

MILLOT v. CONRAD.

creed that the judgment appealed from be amended by increasing the amount allowed defendant from $750 to $1,725, and, as thus amended, affirmed; the plaintiff to pay all costs.