71 So.2d 854 (1954)
224 La. 1091
CALCASIEU & SOUTHERN RY. CO.
v.
WITTE.
No. 41515.
Supreme Court of Louisiana.
March 22, 1954.
Stafford & Pitts, Alexandria, for plaintiff-appellant.
Smith, Hunter, Risinger & Shuey, Shreveport, and Plauche & Plauche, Lake Charles, for defendant-appellee.
PONDER, Justice.
This is an appeal from a judgment sustaining a plea of prematurity.
The district judge in a very able and scholarly opinion has correctly disposed of all of the issues in this case and we have decided to adopt his opinion as the opinion of this Court, viz.:
"The plaintiff, alleging itself to be a corporation chartered and authorized by the State of Louisiana to engage in the business of transportation of freight, mail and express as a common carrier in intrastate commerce, has brought this suit to expropriate such rights of way or servitudes as it might require across lands on which the defendant has taken mineral (sand and gravel) leases. Plaintiff acquired rights of way from the landowners at a nominal price and alleges that the construction of its railroad would not cause any damage to the defendant.
"The defendant filed an exception of prematurity which by stipulation and with full reservation of the exception was referred to the merits.
"This opinion is concerned solely with the exception of prematurity. Prior to the filing of this suit, there was no attempt made to purchase or to secure this right of way. The plaintiff or its agents did not even discuss the matter with the defendant before filing suit. The only conversation between the plaintiff's agents and defendant prior to the filing of the suit took place *855 when defendant telephoned plaintiff's office with regard to plaintiff's operations on defendant's lease to ask what plaintiff proposed to do about his sand and gravel leases which primed the right of way grants plaintiff had secured from the landowners. This conversation concluded with a statement on the part of the plaintiff's agent that he would take up the matter with the company and let defendant know. Without further negotiations or conversations, plaintiff filed suit.
"Defendant states that if a plea of prematurity can ever, even theoretically, be sustained, this case presents a situation warranting such a decision.
"Plaintiff argues that the exception should be overruled on the grounds that it is conclusively shown from the evidence that it would have been impossible for plaintiff and defendant to have reached an amicable agreement as to the price for the right of way which, in effect, is tantamount to a refusal to yield. The evidence showed that plaintiff claimed defendant would suffer no damage and the defendant claimed that he would be damaged some $230,000.00 or more. Since from the evidence it appears that the plaintiff could not possibly have negotiated successfully with the defendant for the right of way, plaintiff claims that this entitles it to bring the suit under the provisions of our statute ([LSA-]R.S. 19:2) and ([LSA-] Civil Code (Art. 2627), which provides:
"`Where a price cannot be agreed upon with the owner * * *.' ([LSA-] R.S. 19:2)
"`If the owner of a thing necessary for the general use, refuses to yield it, or demands an exorbitant price, he may be divested of the property by authority of law.' ([LSA-] C.C. 2627)
"Counsel for plaintiff summarizes the law in this kind of case by saying that the owner may be divested of his land by order of court simply because of a:
"(1) refusal to yield the thing; or
"(2) a demand for an exorbitant price.
"Applying this rule of law to the case at bar, counsel for plaintiff urges that plaintiff's right of action has accruedstating that defendant has refused to yield the thing and has remained steadfast in his refusal right up to now. In addition to this defendant is asking even in his pleadings, for an exorbitant price.
"Counsel for plaintiff cites testimony in the record which makes it abundantly clear that defendant would not have accepted a generous price for the right of way.
"From defendant's testimony it is apparent that no offer which plaintiff might have considered reasonable would have been accepted by defendant.
"A fair statement of the question for decision at this time is: In expropriation cases, where the plaintiff has grounds to think that the owner will refuse to yield or will demand an exorbitant price, and on trial of the exception it is shown that the owner would not have accepted a nominal price, and plaintiff would not have offered more than a nominal price, is his suit premature when plaintiff makes no offer, no demand and does not even discuss the matter with the owner before filing suit?
"This court answers that question in the affirmative.
"The cases cited by plaintiff are distinguished from the instant case. In the case of City of Shreveport v. Noel, 114 La. 187 [38 So. 137, 138], the defendant sought to reverse the judgment of expropriation because no price was offered to the defendant before the filing of the suit. In that case the court held `By reason of the failure of the plaintiff to tender the true value of the land before suit, it has made itself liable for costs. There is, however, no other penalty. [LSA] Civ.Code, art. 2638.'
"There was no exception of prematurity filed in this case. The exception of prematurity being a dilatory exception must be filed in limine. (Article 333, Louisiana Code of Practice.) Had the defendant in the instant case failed to file the exception of prematurity in limine, the holding of the Noel case would require this court to go *856 into the merits of the case. But I do not understand the Noel case to rule out the exception of prematurity in expropriation cases.
"Plaintiff next cites the case of Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, [806], citing the quotations:
"`The jurisprudence in our state conforms with the universal rule of law to the effect that a formal tender is not required, where it would be of no avail. * * *'
"`The reason for this rule is that the law does not require anyone to do a vain and useless thing.'
"But in the Bullis case, the court stated:
"`The evidence in this case shows that an agent of the Commission carried on negotiations with the defendants with a view of amicably acquiring the right-of-way in controversy without exercising the rights of expropriation and that the defendant Bullis, who is also of counsel for his co-defendants, informed the agent the least amount the defendants would take for the land was $150 an acre, this to be exclusive of any damage to crops, which amount the agent considered excessive and so informed defendant Bullis. This is admitted by the only defendant who testified in this case, J. B. Thomas.'
"In the instant case, plaintiff admits that there were no negotiations with the defendant prior to the filing of the suit.
"The last case cited by plaintiff on the exception of prematurity is the case of American Tel. & Tel. Co. of Louisiana v. Maguire [219 La. 740], 54 So.2d 4 [5]. The entire discussion of this subject in the opinion is as follows:
"`Counsel also assert that the trial judge erroneously assessed costs against defendant because the evidence does not disclose that any offer was made as compensation for the damages sustained.'
"`We find no merit in the point. Article 2638 of the [LSA-] Civil Code declares that the costs in expropriation proceedings may be taxed against the owner where there has been a tender of the true value of the land and it was held in Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, that the tender provided for by the Article is not essential when it would be of no avail. While it is true in the case at bar that no specific sum was offered as damages, it clearly appears from defendant's testimony that none was necessary as he was steadfast in his position that he would resist the granting of the right of way at the particular location designated by plaintiff, stating that "I would not accept any sum of money to let them go where they had the line * * *"'.
"There is nothing in the opinion to show whether or not the plaintiff negotiated with defendant prior to the filing of suit. Even had there been no negotiations prior to the filing of suit, the case would not be in point for the question did not come up on the exception of prematurity.
"Plaintiff finally urges that the law simply does not require the doing of a vain, needless and useless thing, and no offer that plaintiff could have made would have been accepted.
"This court appreciates the force of this argument, yet our expropriation laws are special and exceptional in character, in derogation of common right, and as such must be strictly construed.
"It is my opinion that [LSA-] R.S. 19:2.
"`Where a price cannot be agreed upon with the owner * * *'
and [LSA-] Civil Code, Article 2627
"`If the owner of a thing necessary for the general use, refuses to yield it, or demands an exorbitant price, he may be divested of the property by authority of law.' *857 require that a bona fide attempt be made to negotiate with the landowner before filing an expropriation suit.
"The exception of prematurity is maintained and plaintiff's suit is dismissed as of non suit."
For the reasons assigned, the judgment is affirmed at appellant's cost.
HAWTHORNE, J., dissents and assigns written reasons.
HAWTHORNE, Justice (dissenting).
In my opinion the facts of this case disclose that any negotiations between the landowner and the plaintiff, or a formal tender, prior to filing suit would have been vain, useless, and of no avail, and consequently I respectfully dissent. See Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805.