138 So.2d 874 (1962)
TEXAS EASTERN TRANSMISSION CORPORATION, Plaintiff-Appellee,
v.
Mrs. Verne P. TERZIA, Defendant-Appellant.
No. 9670.
Court of Appeal of Louisiana, Second Circuit.
March 7, 1962.
*875 Massey & Fowler, West Monroe, for appellant.
Oliver, Digby & Fudickar, Monroe, Hargrove, Guyton & Van Hook, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This action was instituted by plaintiff praying for the expropriation of a fifty foot right-of-way and servitude over and across property of the defendant for the purpose of permitting the laying and maintenance of a twenty-inch gas transmission pipeline and the fixing of a price to be paid defendant as the just and reasonable value thereof, together with any damages in connection therewith. From a judgment in favor of plaintiff granting the fifty-foot right-of-way and fixing the consideration, including damages, in the sum of $790.00, the defendant has appealed.
Numerous preliminary pleas and exceptions filed by the defendant were disposed by the trial judge and the specifications of error, all pertaining to the merits, as asserted on behalf of defendant before this court, may be briefly summarized as follows:
(1). That plaintiff failed to establish on trial that it was a foreign corporation created for the purpose of supplying the public with natural gas and therefore entitled to the right of expropriation under LSA-R.S. 19:2(7);
(2). That the allowance of a fifty-foot right-of-way exceeded plaintiff's actual needs;
(3). That plaintiff failed to establish the necessity for the expropriation of defendant's property;
(4). That plaintiff failed to prove a proper description of the property to be taken and a plan for the construction of its pipeline; and
(5). That the award of the value of the land and damages in connection with the taking should be increased to the sum of $3,424.00.
Notwithstanding the fact that all of the above issues were raised on trial, and, as we think, properly disposed by written opinion of the district judge, we proceed to a discussion of the asserted specifications of error, seriatim.
Concededly, plaintiff is a Delaware corporation authorized to do business in the State of Louisiana and its charter specifically denominates numerous details with respect to the purpose for which it was organized, among which we quote the following excerpts as being pertinent and material:
"To store, transport, buy and sell oil, gas, * * *.
"To construct, install, maintain and operate * * * piping for the transportation of natural gas or oil; to buy, sell and supply the same to others, and to lay, buy, lease, sell, and operate pipes, pipelines and storage tanks to be used for the purpose of transporting oil and gas.
"To buy, sell and furnish oil and gas for light, heat and other purposes, to *876 * * * construct, renew, maintain and operate pipelines, * * *.
"To acquire, * * * use, sell and distribute natural gas for light, heat, power and other purposes * * *."
The right of expropriation of needed property is granted, inter alia, under the provisions of LSA-R.S. 19:2(7) to
"* * * any domestic or foreign corporation created for the piping and marketing of natural gas for the purpose of supplying the public with natural gas."
We regard the contention on behalf of defendant that plaintiff failed to prove that it was a corporation "* * * created for the piping and marketing of natural gas for the purposes of supplying the public with natural gas," to be so technical and unreasonable as to hardly be worthy of consideration. A similar argument was advanced before this court in Central Louisiana Electric Company v. Pugh, 96 So.2d 523 and involved a construction of the purpose for which a corporation was organized in the light of its charter provisions. With reference to this contention we made the observation that a construction that a corporation organized for the purpose of selling and dealing in electricity was not authorized to transmit such a commodity would lead to an absurd and ridiculous conclusion. The same observation is pertinent in the instant case. Conceding the validity of counsel's argument that expropriation statutes are strictly construed, in connection with which were cited the cases of Calcasieu & Southern Ry. Co. v. Witte, 224 La. 1091, 71 So.2d 854, and Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, we are, nevertheless, impelled to the inescapable conclusion that the purposes for which plaintiff corporation was created, as evidenced by the above extracts from its charter, implicitly establish the right and purpose of supplying the public with natural gas, directly and indirectly. In this connection it is to be noted that plaintiff introduced in evidence a letter of the Federal Power Commission authorizing the construction and operation of a pipeline, which embraced the construction of the portion thereof involved in this action.
Attention should also be directed to the point that the right of expropriation is dependent not upon the public character and nature of the corporation but upon the public purposes and public interest which are served by such corporation; Central Louisiana Electric Co. v. Pugh, supra.
We find defendant-appellant's claim that the grant of a permanent right-of-way over her property, measuring fifty feet in width, exceeded the reasonable needs of plaintiff is entitled to much more serious consideration. Many years ago this court held that in those instances where the width of a right-of-way was not specified in the instrument establishing a servitude, the grant would be limited to a width necessary for an excavation adequate to receive the pipeline; Dickson v. Arkansas Louisiana Gas Company (La.App.1939), 193 So. 246 (writs denied). To the same effect was our holding in Wilson v. Scurlock Oil Company (La.App.1961), 126 So.2d 429 (writs denied), to which case this plaintiff, Texas Eastern Transmission Corporation, was a party.
While the above holdings related to executed grants of right-of-way, we think the same consideration should be given to similar contentions by landowners where judicial pronouncements on the extent of the right to be granted is under consideration.
In the case before us plaintiff contends that a minimum of a fifty foot width is necessary for the purposes of maintenance, and to the contrary it is urged on behalf of defendant that a thirty foot width is completely adequate for such purpose. The record contains some material and pertinent testimony in support of each of these contentions, but we do not find that plaintiff has sustained its claim as to the necessity of a fifty foot grant by a *877 preponderance of the evidence. It must be conceded that the fifty foot area would be more convenient, agreeable and satisfactory to plaintiff, but it cannot be concluded that such a width is necessary. In the event of any need for the use of heavy equipment in connection with repairs or maintenance, the rights of ingress and egress, which are inherent in the use of the servitude granted, would authorize plaintiff to enter upon and use additional necessary areas subject to the co-existing right of defendant to claim damages occasioned thereby.
Learned counsel for plaintiff has cited numerous cases which it is claimed approved the expropriation of rights-of-way for pipeline purposes measuring at least fifty feet in width. We have examined all of these cases and find that, without exception, the width was not an issue. On the other hand the Supreme Court, reviewing the question of an excessive taking, held that a thirty foot servitude was sufficient in the case of Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260.
We reject appellant's claim that plaintiff failed to prove the necessity for the expropriation of her property. This claim is predicated upon the argument that plaintiff failed to discharge the burden of proof establishing such necessity. Our examination of the testimony in the record convinces us otherwise. We think it is clear that the re-routing of plaintiff's proposed pipeline construction would involve a disproportionate increase in the expense thereof. It is axiomatic, in accordance with all purposes and rules with respect to expropriation of private property, that individual rights are subordinate to the needs of the general welfare. We concede the principle asserted by counsel for appellant that questions of the service of the public interest and need are matters for judicial determination in expropriation proceedings. That, indeed, is the purpose of this suit and it is our opinion that the evidence supports plaintiff's position that this specific property is necessary for the construction and operation of a gas pipeline in the public interest.
Appellant's objection as to the lack of a proper description of defendant's property and of the portion thereof which is the subject of these expropriation proceedings is without merit. Plaintiff's plan, as exhibited by a construction plat, definitely establishes the location of the proposed right-of-way and the differences in actual measurements, as properly observed by the trial judge, constitute insubstantial fractional errors of minimal extent and degree. The construction plan is completely adequate and sufficiently exact to advise defendant as to the location thereof and to permit rendition of a definite judgment.
Finally, we have carefully examined the quantum of the award made by the district judge. This question was thoroughly discussed in his written opinion and the testimony of the several witnesses as to the value of the property was analyzed in detail. We are in accord with the conclusion that the value of the property taken should be fixed upon the basis of $500.00 per acre and that the claims for severance damages were properly disallowed. The property is farm land, rented to tenants, and defendant therefore has no interest in possible damages to crops. Defendant's expert witness failed to justify the land valuation of $1,174.00; gave no reason for his estimation of $2,000.00 as severance damage, and, of course, had no ground for his calculation of $150.00 as damage to crops.
The area embraced by a fifty foot right-of-way constituted 1.58 acres. Since we have concluded that the width of the right-of-way should be limited to thirty feet the area is reduced by 40%, to a total of .948 acres. It follows that the valuation should be proportionately reduced to the sum of $474.00.
For the reasons assigned the judgment appealed from is amended and redrafted to read as follows:
*878 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Texas Eastern Transmission Corporation, and against defendant, Mrs. Verne P. Terzia, adjudging unto Texas Eastern Transmission Corporation, its successors and assigns, a servitude for a twenty-inch (20") natural gas pipe line through, under, over, and across defendant's property described as follows:
Commencing at an iron stake on bank of ditch on East side of the Monroe Sterlington road, and the Southwest corner of the 107.50 acre tract set apart from Mrs. Hatcher, thence up said ditch in a southeasterly direction to an iron stake on ditch bank, which stake is 9.40 chains west of the section line between sections 21 and 22, thence due south and parallel to and nine and 40/100 chains west of the section line between sections 21 and 22 to an iron stake 1.34 chains south of the section line between sections 21 and 28, thence due west paralle to and 1.34 chains south of said section lines, between sections 21 and 28, a distance of 18.93 chains to the public road from Monroe Sterlington, to an iron stake for corner, thence up said road north 6 degrees and 45 minutes west 50.68 chains to the place of beginning, and being all that part of the SE ¼ and S ½ of NE ¼ of Section 21, which lies south of the ditch above described and east of the public road from Monroe Sterlington and west of a certain line running north and south 9.40 chains west of the section line between sections 21 and 22; also a strip off north end of Lots 1 and 2 of Section 28, lying East of said Monroe Sterlington roads and west of the North and South line above described and being 1.34 chains wide from North to South on the south side of section line between Sections 21 and 28, containing 92.25 acres open land, more or less, all in Sections 21 and 28, Township 19 North, Range 4 East, Ouachita Parish, Louisiana.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said servitude shall be particularly described as follows:
A servitude of a width of thirty feet (30'), as shown on Exhibit "A" annexed to plaintiff's petition, for the construction, operation, use, maintenance, repair, replacement or removal at will of said pipe line, or facilities, in whole or in part, the reference line of said servitude to be as delineated in red on said Exhibit "A" and described as follows:
Entering said tract at a point on the East right of way line of U. S. Highway No. 165 and the west line of said tract (as it is described above), said point being 1,150 feet northerly along said line from the intersection of said line with the center line of a field road in Section 28, Township 19 North, Range 4 East, as shown on said Exhibit "A".
Thence North 87 degrees 42 minutes East a distance of 187 feet, thence South 84 degrees 39 minutes East a distance of 1,188 feet to the East line of said tract.
The limits of said 30-foot servitude shall lie 12½ feet northerly and 17½ feet southerly from and parallel to said described reference line.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff and against defendant, adjudging unto Texas Eastern Transmission Corporation, its successors and assigns, a servitude not to exceed 30 feet in width, through, under, over and across any portion of the lands embraced within the right of way limits of U. S. Highway No. 165 which may be owned in fee by defendant, Mrs. Verne P. Terzia, such servitude to be adjacent and contiguous *879 to the west end of the servitude first herein adjudged to plaintiff.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the consideration to be paid to defendant by plaintiff shall be and is hereby fixed at the sum of Four Hundred Seventy-four Dollars ($474.00) for the servitude, including all normal damages.
IT IS FURTHER ADJUDGED AND DECREED that plaintiff shall bury its pipe line to a depth of at least forty (40) inches from the top of the pipe to the surface of the ground and shall have no above-ground structures on said servitude except for the usual vents and markers at highway and road crossings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the fees of expert witnesses as fixed and taxed as costs by the judgment appealed from are allowed.
As amended the judgment appealed from is affirmed and the costs of this appeal are taxed against plaintiff-appellee.