FOURNET, Justice.
 

 Defendants are appealing from a judgment adjudicating to the Louisiana Highway Commission, under expropriation proceedings, a strip of land 200 feet wide through their plantation, comprising approximately 26 acres, for the Commission’s uses and purposes in re-locating a road. The adjudication was conditional upon the Commission paying the defendants $1,601.40 as compensation.
 

 The appellants contend the lower court erred (1) in adjudicating the land sought to.be expropriated in fee, because the Louisiana Highway Commission is entitled to a servitude or right-of-way only, and (2) in failing to assess the costs of the expropriation proceedings against the Louisiana Highway Commission, contrary to the provisions of Section 3 of Act No. 95 of 1921 and in contravention of Section
 
 2
 
 of Article 1 of the Constitution of 1921.
 

 The first error complained of passes out of the case for the reason that the appellee concedes here, as it did in answer to a motion for a rehearing on this identical issue in the lower court, that it neither asked for nor was in fact granted more than a servitude or right-of-way to appellants’ land by the judgment of the lower court.
 

 Counsel for appellants argues that since Section 3 of the act creating the Louisiana Highway Commission [Act No. 95 of 1921] provides the commission can sue and be sued, it is, by implication, responsible for the costs of the expropriation proceedings, because it is provided in Section 2 of Article I of the Constitution of 1921 private property cannot be taken or damaged for public purposes without just and adequate compensation being paid therefor, and that to tax the costs of the expropriation proceedings against them necessarily reduces the amount awarded them by the jury as just and adequate compensation for the taking and damaging of their property.
 

 It is the general rule that costs can be assessed or recovered in expropriation cases only under statutory authority. See 20 Corpus Juris 1133, § 507; 15 Cyc. 973, 974 and 975; Vol. 2 of Lewis on Eminent Domain, 2d Ed., 1229, §§ 559, 561; and Vol. 2 of Nichols on Eminent Domain, 2d Ed., 951, § 343. In Act No. 95 of 1921, which created the Louisiana Highway Commis
 
 *17
 
 sion, it is provided “That in all cases where it is necessary to acquire a right-of-way, in constructing a new highway or in changing the location of an old highway * * * the right of way therefor may be acquired by the State * * * by expropriation, under the general laws of the State relative to expropriations of private property for public purposes, in the event the owner of said property and the Commission, representing the State, should not agree upon the price thereof. * * * ” Section 27.
 

 One of the provisions of the general law to be found in the Chapter of the Revised Civil Code dealing with the compulsory transfer of property is that “If a tender be made * * * of the true value of the land to the owner thereof, before proceeding to a forced expropriation, the costs of such proceeding shall be paid by the owner.” Article 2638.
 

 The evidence in this case shows that an agent of the Commission carried on negotiations with the defendants with a view of amicably acquiring the right-of-way in controversy without exercising the rights of expropriation and that the defendant Bullís, who is also of counsel for his co-defendants, informed the agent the least amount the defendants would take for the land was $150 an acre, this to be exclusive of any damage to crops, which amount the agent considered excessive and so informed defendant Bullís. This is admitted by the only defendant who testified in this case, J. B. Thomas.
 

 The jurisprudence in our state conforms with the universal rule of law to the effect that a formal tender is not required, where it would be of no avail. MacLeod v. Hoover, 159 La. 244, 105 So. 305. See, also, Dwyer Bros. v. Administrators of the Tulane Educational Fund, 47 La.Ann. 1232, 17 So. 796; Southern Sawmill Company v. Ducote, 120 La. 1052, 46 So. 20; 62 Corpus Juris 657, § 5 ; 26 Ruling Case Law 624, § 3; Vol. 6 of Williston on Contracts, Revised Edition, 5154, § 1819; Vol. 5 of Page on Contracts, 5071, § 2872; section 2872 in the Supplement to Page on Contracts; 38 Cyc. 135; section 306 of the Restatement of the Law of Contracts and the comments thereunder; and the articles to be found in the Code of Practice under the heading “Of Real Tender,” beginning with Article 404. The reason for this rule is that the law does not require anyone to do a vain and useless thing.
 

 Under the facts in this case a tender was unnecessary unless the Louisiana Highway Commission was willing to pay the defendants at least the amount of $150 an acre — more than twice the actual value of the land as found by the jury.
 

 For the reasons assigned, the judgment of the lower court is affirmed, at appellants’ cost.