McCALEB, Justice.
 

 The defendant is appealing from a judgment expropriating to plaintiff a right of way across his land for the purpose of constructing, maintaining and operating a communications system composed of underground cables, wires, conduits, etc., together with the necessary accessory rights for the exercise thereof. Defendant’s tract, which is rural property located about five miles from the city of' Shreveport, contains approximately 60 acres, having a front of 1033.3 feet on U. S. Highway 80 by a depth of 2699 feet. The right of way is one rod (or 16% feet) in width and traverses the tract from the east to west side, a distance of 1060.3 feet, its area being approximately
 
 Yio
 
 of an acre. Plaintiff’s right of eminent domain is recognized and the only questions presented below were the value of the right of way expropriated and the consequential damages to defendant’s land resulting therefrom.
 

 The trial judge, after hearing the evidence, fixed the value of the right of way at $100 and granted to defendant a like sum as compensatory damages.
 
 [1]
 

 Defendant does not contest on this appeal the correctness of the $100 value placed by the judge upon the right of way expropriated. However, he strenuously complains that the award of $100 for damages sustained by reason of the servitude bisecting his property is grossly inadequate, maintaining that the preponderating evidence demonstrates that the existence of the right
 
 *743
 
 of way depreciates the value of his land to the extent of $5923.50.
 

 The theory upon which this claim is based is that the land .is adaptable for subdivision purposes and has a market value of $250 per acre for this use; that the underground cable and appurtenances thereto will render the land lying south of the right of way, comprising 39.39 acres, valueless for this highest use; that it will be worth at most $100 per acre for agricultural purposes and that, therefore, the damages by reason of the diminution in its market value will be $150 per acre.
 
 [2]
 

 An examination of the record satisfies us that the contention is not well founded. Initially, there is some doubt that the land is adaptable for subdivision uses. It is described by plaintiffs expert witnesses as "low wet stiff river soil” which has never been used for any purpose other than agriculture and is unsuitable, by reason of its character and locality, as a site for a subdivision. But, even if it be conceded that the contrary view of defendant’s several experts is more acceptable, it is perfectly plain to us that the right of way does not materially diminish the value of the property. This underground communication system consists merely of not more than two cables which are buried at least 30 inches below the surface and there is no obstruction whatever to the free use by defendant of his land.
 

 The argument of defendant’s counsel that the grant of the right of way confers upon plaintiff broad privileges which, if exercised, would result in substantial damage is, in our opinion, highly imaginative. The evidence upon which counsel rely, respecting diminution in value of the property south of the right of way, is predicated upon the idea that the right of way will divide defendant’s land and thus deny to those occupying the southern portion the right of ingress and egress. But this predidicate does not exist either in law or in fact and the opinions based thereon are rashly speculative; plaintiff is neither claiming nor has it been granted an exclusive right. The only limitation on defendant’s free use of the strip is that he is not to interfere with the cables or prevent plaintiff from having access to this land for the purpose of repairs, etc.
 

 Counsel also assert that the trial judge erroneously assessed costs against defendant because the evidence does not disclose that any offer was made as compensation for the damages sustained.
 

 
 *745
 
 We find no merit in the point. Article 2638 of the Civil Code declares that the ■costs in expropriation proceedings may be taxed against the owner where there has been a tender of the true value of the land and it was held in Louisiana Highway Commission v. Bullís, 197 La. 14, 200 So. 805, that the tender provided for by the Article is not essential when it would be of no avail. While it is true in the case at bar that no specific sum was offered as damages, is clearly appears from defendant’s testimony that none was necessary as he was steadfast in his position that he would resist the granting of the right of way at the particular location designated by plaintiff, stating that “I would not accept any sum of money to let them go where they had the line * *
 

 The judgment appealed from is affirmed.
 

 [1]
 

 . The suit was tried prior to the passage of Act 325 of 1948, L.S.A.-R.S. 19:1 et seq., abolishing trial by jury in expropriation cases. However, by stipulation, the jury was waived and the case submitted to the judge.
 

 [2]
 

 . It is the well-settled jurisprudence that the damages allowable under Section 2 of Article 1 of the Constitution of 1921, resulting from expropriation of property-rights are the difference between the market value of the property for sale or rental purposes, immediately before and immediately after the expropriation. Mere consequential injuries to the owners arising from discomfort, disturbance, injury to business and the like are damnum absque injuria. See Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354 and cases there cited.