REID, Judge.
The plaintiff-appellant instituted this suit in the 19th Judicial District Court against the defendant-appellee for the purpose of expropriating a parcel of ground in the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana, located at the Southeast corner of Ninth and North Streets, having a frontage of 56.5 feet on the east side of Ninth Street and a depth of 96 feet along the south side of North Street.
This is a total taking of property and in the petition of the plaintiff-appellant it alleges that a just and adequate compensation for the property taken by the State would be $8500.00. This amount was tendered to the court and Judgment of Expropriation was signed granting full ownership of the property to the plaintiff upon depositing said money in the Registry of the Court, which was done.
The defendant, Mrs. Hart, filed an answer and an amended or supplemental answer claiming the sum of $14,000.00 for the property expropriated and $1000.00 for the payment of the fees and expenses of the expert appraisers who testified in her behalf.
The case was tried and the judge of the lower court assigning written reasons therefor, rendered judgment on July 17th, 1959 awarding the defendant the sum of $12,769.-00, as a just and adequate compensation for the property expropriated, less the amount of $8500.00 previously deposited, leaving the amount of $4269.00 as an additional compensation over and above the amount deposited, with interest thereon at the rate of 5% per annum from August 21st, 1957 until paid, plus $800.00 to cover expenses incurred in the employment of expert appraisers and costs, further fixing the expert witness fees of A. L. Seago and James T. Amiss at $100.00 each, and taxing those fees as costs. The judgment was signed on July 27, 1959 and from this judgment the plaintiff prosecutes this appeal.
*362 There are only two issues raised in this case:
1st. Is the award allowed for just and adequate compensation by the lower court excessive;
2nd. Should the expenses incurred in employment of expert appraisers on behalf of the defendant be allowed as an item of damages or attached as costs.
We will take up the question of the amount of the award first. The District Judge in his written reasons for judgment found as follows:
“On the market data approach very few sales were offered in evidence as comparables. No sales of North Street property within a reasonable time prior to the date of the taking were found by the expert witnesses. No sales on Main, Laurel, and Florida, the three streets south of North Street were referred to because of the difference in zoning regulations. Sales on and just off Convention Street which has the same zoning as North Street but is four blocks south, were used by the witnesses for the owner. Most of the sales used as comparables by Lowell M. Roseman, expert witness for plaintiff, were at points even further distant from the subject property.
“Alvin K. Seago, one of the expert witnesses for the owner used three sales as comparables. Two of these were on Convention Street and the third was on University Walk, two and one-half blocks west and one block north of the subject property. As shown on Page 9 of his report, introduced in evidence as D-2 Mr. Seago adjusted these three sales to the subject property as to improvements, date of sale, location, and physical attributes. He thereby arrived at a front foot value of the subject property by averaging the three, this value being $250.-00 per front foot, or $14,125.00 for the lot.
“James T. Amiss, the other witness for the owner, used as comparables two sales on Convention Street and one sale on Eighth Street, just south of, and adjoining one of the Convention Street sales. By adjusting these sales to the subject property he placed the value of the subject property at $14,700.00.
“Lowell M. Roseman, witness for plaintiff, who appraised the property for plaintiff prior to the taking, used four sales as comparables in support of his valuation of $8500.00 for the subject property. One of these sales was in the second block of East Boulevard, seven blocks from the subject property; one was in the third block of East Boulevard, eight blocks from the subject property; one was on North Street three blocks east of the subject property, the sale being made more than a year and a half after the taking of the subject property; and one on Canal Street, two and one-half blocks from the subject property, being' a lot with a frontage of 25 feet and a depth of 100 feet. The conclusion he reached from a consideration of these four sales was that his original $8500.-00 valuation of the subject property was too high.
“Mr. Roseman is correct in saying that the two East Boulevard properties have the same zoning regulations and are approximately the same distance from the business district of the city as the subject property. However, in each case he attributed more than fifty percent of the sale price to the improvements. He was questioned on this point, and was, in my opinion, unable to justify his conclusions. The improvements were old residences, and the properties were purchased for commercial purposes. In such cases it would require strong evidence to show that the improvements had a value anywhere near the value of the land.
*363 “The North Street sale used by Mr. Roseman, in addition to being a very recent sale and therefore not qualified as a comparable, involves a lot that admittedly differs greatly in elevation and other physical characteristics from the subject property. These and other factors would require consideration in adjusting this sale to the subject property. Such adjustments are not shown by the evidence. The same comment as to adjustments is applicable to the Canal Street sale.
“Over the objection of plaintiff the court allowed the owner to introduce evidence as to prices paid by plaintiff for other expropriated properties in the area of the subject property. Such evidence was considered admissible but not conclusive as to values.
“Considering the evidence here, it is my opinion that the University Walk sale is the most acceptable comparable used by any of the witnesses. It is the nearest the subject property in date and in location. The property had a frontage of 32 feet and a depth only slightly greater than the subject property. It was burdened with an 8 foot servitude along its entire length. The sale price was $12,650.00. The improvements consisted of an old residence which was repaired and renovated for use as apartments. Mr. Sea-go estimated the value of the improvements at the date of sale as $6000.00. There is no evidence to the contrary. The sale price of the land was, therefore, $6650.00, or $208.00 per front foot. By adjusting that sale to the subject property Mr. Seago found that the subject property had a front foot value of $226.00 at the date of the taking.
“For the foregoing reasons I find that the subject property had a value of $12,769.00 at the date of the taking.”
With reference to the item of expenses the judge of the lower court found as follows :
“The evidence shows that the owner incurred expenses of $400.00 each to Mr. Seago and Mr. Amiss for their services in investigating, appraising and reporting on the market value of the subject property as of the date of the taking. Their reports and their testimony reflect the nature and extent of the services rendered. These items are allowed as items of damage.
“Mr. Seago and Mr. Amiss spent two days in court in connection with the trial of this case, although Mr. Amiss did not testify on the second day. An expert witness fee of $100.00 is fixed for each of them and taxed as costs.”
The defendant-appellant argued that these expenses should be taxed as costs rather than be made a part of the award.
We find that the Supreme Court of our State has passed on this matter in the case of State v. Barineau, 225 La. 341, 72 So.2d 869. In this case the Supreme Court held:
“the general rule that the State and its political subdivisions, public boards or commissions are exempt from payment of court costs except ‘stenographers’ costs for taking testimony’ LSA-R.S. 13:4521, does not apply in expropriation proceedings. In these, the State is liable for costs, unless tender of the true value of the land has been made before proceeding to a forced expropriation, in which case ‘the costs of such proceedings shall be paid by the owner’ LSA-Civil Code, Art. 2638; LSA-R.S. 19:12; Louisiana Hwy. Comm. v. Bullis, 197 La. 14, 200 So. 805; American T. & Tel. Co. v. Maguire, 219 La. 740, 54 So.2d 4. To hold that the owner must pay his own costs in resisting attempts to take his land without his consent would nullify to a certain extent the constitutional *364 guarantee of just and adequate compensation, Art. 1, Sec. 2, La.Const. of 1921, which ‘clearly contemplates that the class of expenses usually taxed as costs should be included as an element of the owner’s damage * * *.’ Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389, 392; see, also, Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612; Gulf Shipside Corp. v. Thames, 217 La. 128, 46 So.2d 62.”
We feel that the judge of the lower court in his written reasons for judgment covered this entire case satisfactorily.
The main issue in this case, namely, the adequacy of the award is a question of fact and this court has held:
“The various methods to appraise the value of the subject property have materially assisted us in determining the correctness of the trial judge’s findings, and the principle that findings of fact by the trial judge shall not be disturbed in the absence of manifest error is too well settled to warrant citation.
“We recognize the accepted rule that the opinions of qualified experts are of material aid and should be given weight and effect, particularly where, as in the instant case, these opinions appear to be well grounded from the standpoint of sincerity and logic.” State through Department of Highway v. Ragusa, 234 La. 51, 99 So.2d 20.
The only question left is the taxing of the expenses of the experts as a part of the award or a part of the costs. We believe we have taken care of this issue previously in this Opinion.
For these reasons it is ordered that the judgment of the lower court be affirmed.
Affirmed.