169 So.2d 419 (1964)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Angus B. COBB, Defendant-Appellee.
No. 1306.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1964.
D. Ross Banister, Glenn S. Darsey, Braxton B. Croom, Ben C. Norgress, by Braxton B. Croom, Baton Rouge, for plaintiff-appellant.
Armentor & Resweber, by Minos H. Armentor, New Iberia, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff filed an expropriation suit against defendant and acquired 16.35 acres of his land for the purpose of constructing the necessary approaches at the intersection of State Highway 675 and a new four lane highway being constructed by plaintiff, being State Highway 3052.
Plaintiff deposited in the Registry of the court $23,389.00 as compensation for the taking. Defendant claimed he should have received $23,036.00 in addition to the amount deposited in the Registry of the court.
*420 After a trial on the merits, the district judge awarded defendant $30,323.50; $6,934.50 in addition to the amount originally deposited by plaintiff. Plaintiff appealed the judgment. Defendant answered the appeal asking that the award be increased to $33,286.00.
There are no improvements on the property. All of the real estate experts testified that there were no severance damages resulting from the taking.
The sole question for this Court to decide is whether or not the award allowed by the trial court as to the value of said property is correct.
Two tracts of land were expropriated. One tract contains 6.279 acres; is located south of the State Highway 675; is designated on the Department of Highway plat as parcel 7-4; and is part of a 14-acre tract owned by defendant. The other tract is on the north side of the same highway; contains 10.071 acres; is designated on the map in the record as parcel 7-5; and is part of a 66-acre tract owned by defendant. Both tracts front on said highway, which is blacktopped, runs in an easterly and westerly direction, and is about 2½ miles from the City of New Iberia, Louisiana.
Allen J. Angers and Arthur Fleming, appraisers for plaintiff, and Dan A. Richey, Jr., the appraiser for defendant, agree that the defendant's property should be divided into three categories for the purpose of placing a value on the land expropriated, namely, (1) the portion of the property fronting on State Highway 675 should be divided into lots having a width of 100 feet on said highway by a depth of 200 feet and should be appraised as residential property; that the remaining property which cannot be divided into lots but adjoining said lots should be given the same value as the lots and should be computed on a square foot basis; according to the State Highway plat in the record, this area contains 89,867 square feet; (2) the property which lies within the right-of-way granted to two utility companies, shown on the highway plat in this case, should be appraised at ½ of the value of the residential property; and, (3) the balance of the property taken has a lesser value. Plaintiff's appraisers contend that the best use of the land is for farming, whereas defendant's appraiser contends that its best use is for residential purposes.
The evidence reflects that several sales have been made in the vicinity of the land owned by defendant prior to the expropriation. These sales have been of lots on State Highway 675, said lots having a frontage of 100 feet on the highway by a depth of 200 feet.
The main difference as to the value placed on the residential lots by the experts for plaintiff and that by the expert for defendant is that the appraisers for plaintiff contend that while it is true that lots have sold in the vicinity for $1,500.00, these were individual sales and that in order to sell all of the lots expropriated at one time defendant would have to sell them wholesale and he could only receive $1,000.00 for each lot or $.05 per square foot; whereas defendant contends he could sell them for $1,500.00 each or $.075 per square foot.
In support of the position taken by its appraisers, counsel for plaintiff cites the case of State, Through Dept. of Highways v. Riley, (La.App., 3 Cir., 1962), 143 So.2d 396, decided by this Court. The Riley case was a companion case to the cases of State, Through Dept. of Highways v. Whitaker, (La.App., 3 Cir., 1962), 143 So.2d 408; and State, Through Dept. of Highways v. Murrell, (La.App., 3 Cir., 1962), 143 So.2d 411.
In the Riley case, supra, the Riley property had been surveyed into lots, and the subdivision plat was recorded prior to the taking. However, no lots had been sold in the subdivision. This Court, affirming and adopting the trial court's judgment, stated that a prospective purchaser of the Riley tract in one sale would undoubtedly purchase same for resale as individual residential lots and would necessarily contemplate *421 certain expenses, and the purchaser would be expected to realize a profit on the transaction. We allowed 10% for real estate commission, $75.00 for legal services, and deducted 25% from the value of the land as a profit to the purchaser.
This Court is of the opinion that the Riley case, supra, is distinguishable from the case at bar for the reason that defendant is his own broker, the lots face on the highway, and no additional expense is necessary to sell said lots, and the 12 lots fronting on the highway could be sold within the reasonable time from the taking.
The instant case is more similar to that of State, Through Dept. of Highways v. Barrilleaux, (La.App., 1 Cir., 1962), 139 So.2d 242, where the court allowed compensation to a landowner for property expropriated by the Highway Department on a lot basis rather than an acreage basis. In the Barrilleaux case, supra, the defendant had opened a subdivision and sold lots in a portion of the subdivision. The court held that the value of the property in the unopened portion of the subdivision was comparable to the value of the lots in the subdivision already sold.
In State, Through Dept. of Highways v. Brooks, (La.App., 2 Cir., 1963), 152 So.2d 637, the court held that allowance of expected profits for a developer who had acquired raw acreage for subdivision purposes prior to expropriation and where no development had occurred at the time of the taking, had no application to an existing developed subdivision even though the subdivision plat had not been recorded. See also State, Through Dept. of Highways v. Boyer, (La.App., 3 Cir., 1961), 130 So.2d 738, decided by this Court.
The evidence reflects that there are several subdivisions in the immediate vicinity of the instant property; and that sales of these lots are comparable with the sale of lots by defendant herein.
We conclude that the trial judge correctly held that the value of the property expropriated should be on a lot basis rather than on an acreage basis.
The Highway Department plat shows that the land which could not be divided into lots contains 89,867 square feet. The experts agreed that this acreage should be given the same value as that given to the property which could be divided into lots. The judge rendered his opinion without benefit of the record. He found this area to contain 86,800 square feet at $.075 per square foot, or $6,510.00. This will have to be increased to the sum of $6,740.03 since the area actually contains 89,867 square feet rather than 86,800.
The allowance of $2,250.00 for 60,000 square feet subject to utility servitudes is correct. The experts agree that the value of this acreage or parcel should be 1/2 of the value of the lots mentioned herein.
The last item is the remainder of the property taken, namely, 2.063 acres in parcel 7-4, and 5.064 acres in parcel 7-5. The Court found that the experts were not too definite in placing a value on these last two parcels taken. The experts for plaintiff placed a value of up to $500.00 on said property, and the expert for defendant placed a value of $750.00. It is agreed by all parties that the best and highest use of the property is for agricultural purposes. The trial judge placed a value on said parcels at $500.00 per acre. Under the evidence in this case, we cannot say that he committed error in placing said value thereon.
For the reasons assigned the judgment of the district court is amended so as to increase the award to defendant from the sum of $30,323.50 to the sum of $30,553.53, or $7,164.53 in excess of the $23,389.00 previously deposited by plaintiff in the Registry of the court. Appellant to pay all costs of this appeal.
Amended and affirmed.