182 So.2d 334 (1966)
LAKE CHARLES HARBOR & TERMINAL DISTRICT, Plaintiff and Appellee,
v.
Stella T. PRESTRIDGE et al., Defendant and Appellant.
No. 1620.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 10, 1966.
*335 John Sheldon Toomer, Lake Charles, for defendant-appellant.
William L. McLeod, Jr., Lake Charles, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This case and Lake Charles Harbor & Terminal District v. Dupin, La.App., 182 So.2d 339, in which we are rendering a separate decision this date, are companion cases consolidated for purposes of trial and appeal. In both suits plaintiff has expropriated land in the suburbs of the city of Lake Charles for the purpose of constructing an industrial canal to further develop the Lake Charles Harbor. The sole issues on appeal are the amounts of compensation awarded by the trial judge.
*336 In the present suit the appellants, Mrs. Stella T. Prestridge and John H. Tuttle, Jr., own an undivided one-fifth interest each in a 64.24 acre tract of land expropriated. The property can be described as two regular forty acre tracts, one adjoining the north side of the other, except that about 16 acres on the southeast corner of the south forty is cut off by the highway. State Highway #384, a blacktopped road, runs along the entire east boundary of this property for a distance of 2,666.8 feet. Also, along the north side of the property is a shell road leading from Highway #384 back to other land in the rear. The Prestridge land is presently unimproved. There are a few pine trees on it. Relatively speaking for the area, it is high and well drained, except for about 4 acres in a marsh or drain near the center. According to all of the expert testimony, the land's best use is for suburban residential purposes.
On the original trial of this case there were 3 expert witnesses as to land value. For the plaintiff, Mr. Leonard Pauley valued the 64 acres at $54,600 and Mr. William Coleman at $57,850. For the defendant, Mr. Robert House estimated the property to be worth $96,360. The district judge considered the comparable sales and appraisal procedures used by plaintiff's experts as more reasonable than defendant's expert and accepted plaintiff's valuation of about $900 per acre.
In an application for a new trial counsel for Mrs. Prestridge, et al. strongly urged that the district judge failed to give proper consideration to the fact that this same expropriating authority had paid as much as $1500 an acre for several very similar tracts of land lying immediately north of the Prestridge tract. At the hearing on defendant's motion for a new trial it was shown in greater detail that plaintiff had in fact paid several hundred dollars more per acre than the $900 awarded defendants, for similar land located just to the north. One of these was the Fred W. Abraham's tract, containing 18.51 acres fronting about 600 feet on Highway #384 by a depth of about 1320 feet, and being separated from the Prestridge tract only by the shell road between them. Plaintiff's own appraisers said the basic value of the Abrahams land without improvements, was estimated at $1250 an acre. Also, just north of the Abrahams tract is the Frank Rosfeild property containing 9.75 acres, fronting about 330 feet on the highway, for which plaintiff paid about $1300 an acre. Two or three other property owners just north of these tracts were paid similar amounts on an acreage basis.
Essentially, the only explanation given by plaintiff's expert appraisers as to why the Prestridge property is worth only $900 per acre, but these tracts just to the north are worth about $1250 per acre, is that the latter tracts are smaller. Plaintiff's experts opined that from their study of other sales in the area small tracts bring more per acre than large tracts. They rationalized this conclusion by saying that more prospective purchasers have enough money to buy smaller tracts and, furthermore, the purchaser of a large tract is usually interested in future subdivision development, rather than a homesite for his own use. Hence, the purchaser of a large tract will figure profit on his investment, subdivision development costs, etc. The trial judge accepted this rationale and refused to raise the award to plaintiffs.
In this court plaintiff argues first the general rule that sales to expropriating authorities are not the result of free bargaining between a willing seller and a willing buyer and hence are not controlling as comparable sales. State Through Dept. of Highways v. McDuffie, 240 La. 378, 123 So.2d 93 (1960). This is unquestionably the general rule, but it has no application here. Plaintiff's own appraisers testified that their evaluations of the Abrahams tract of 18.51 acres at $1250 per acre, and the Rosfeild tract of 9.75 acres at about $1300 per acre, were on the basis of market value, i. e., what a willing buyer would pay *337 a willing seller for the property. These experts did not say the price was under threat or necessity of expropriation.
Plaintiff's next argument is that in expropriation cases a tract of land must be valued as a whole, as if sold to one buyer, not as smaller tracts into which it could be divided and sold to several buyers. Plaintiff relies heavily on State Through Dept. of Highways v. Riley, 143 So.2d 396 (3rd Cir. 1962). There the State took all or part of 8 residential lots which Riley said he planned to sell off to individual purchasers at some time in the future. We held Riley was not entitled to compensation on a per lot basis because the evidence did not show there was a present demand for such individual lots. There were very few residences in the area and much open undeveloped land. The sale of any such lots was a highly speculative matter. Since there was no present market for the individual lots, we held the property should be valued as a whole, as if sold to a developer for resale who would, of course, make proper allowance for interest on his investment while waiting for sales, expected profits, development costs, sales commissions, etc.
A similar case is Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959) also relied on by plaintiff in the present matter. There also the property expropriated had a future potential for residential or commercial subdivision, but there was no present market for such lots. The court refused to allow the value for which the owner hoped to sell individual lots in the distant future. The court said that under the circumstances "The test is the market value of the land as a whole, taking into consideration its value for building purposes of a not too speculative nature."
Under the holdings in State Through Dept. of Highways v. Riley and Iberia v. Cook, plaintiff here argues we must consider the Prestridge tract of 64 acres as a whole and not as tracts of 10 or 20 acres fronting on the paved highway. Hence, under the testimony of plaintiff's experts that large tracts sell for less per acre than small tracts, the Prestridge property has a market value of only $900 per acre. Plaintiff's experts admit freely that if the Prestridge tract, instead of being 64 acres, was 3 separate tracts of about 20 acres each fronting on the highway, the present market value of each of these 3 tracts would be about the same as the Abraham tract of 18 acres, i. e., $1250 per acre.
We cannot follow plaintiff's reasoning. We think this case falls within the rationale of the jurisprudence relied on by able counsel for Mrs. Prestridge. The first of these cases is State Through Dept. of Highways v. Cobb, La.App., 169 So.2d 419 (3rd Cir. 1964). There the State expropriated 16 acres of a 66 acre tract being used by Cobb as a farm. The state contended the property should be valued as a whole as if sold to a real estate developer who would make deductions for anticipated profit, development expense, sales commissions, etc. However, the evidence showed that in the immediate vicinity, lots fronting 100 feet on the highway by 200 feet deep had a present market value of $1500 for residential purposes. No development costs for streets, utilities, etc. were necessary and such individual sales could be made in a reasonable time. Under the circumstances, we allowed compensation on a per lot basis rather than an acreage basis. We distinguished State Through Dept. of Highways v. Riley with the following comment:
"This Court is of the opinion that the Riley case, supra, is distinguishable from the case at bar for the reason that defendant is his own broker, the lots face on the highway, and no additional expense is necessary to sell said lots, and the 12 lots fronting on the highway could be sold within the reasonable time from the taking."
State Through Dept. of Highways v. Brooks La.App., 152 So.2d 637 (2nd Cir. 1963) is also applicable here. There the State expropriated a strip of land through a subdivision which had been surveyed, *338 staked, streets graded, land cleared and the lots ready for sale to a present market for $22.50 per front foot. The court allowed compensation on a basis of sales of lots to different buyers, rather than an acreage sale to one buyer, and refused to allow deductions for a developer's anticipated profit or sales commissions for the reason that the owner of the property was himself a developer and salesman.
In State Through Dept. of Highways v. Barrilleaux, La.App., 139 So.2d 242 (1st Cir. 1962) the State expropriated 6 lots in a developed subdivision in the center of the town of Lockport. No additional expense was necessary for streets, utilities or other development costs. The court allowed compensation on the basis of individual sales of the 6 lots, rather than one sale to a developer who would make deductions for profit, development costs, etc.
In the present case the owners could easily survey the property and divide it into 3 tracts of approximately 20 acres each, all fronting on the paved highway. No other development costs would be necessary. Under the testimony of plaintiff's own expert witnesses, these 20 acre tracts could be sold on the present market for about $1250 per acre, the same as the Abraham and Rosfeild tracts, making only a slight allowance for the fact that the Prestridge tract is not perfectly rectangular in shape and that it does have a 4 acre marsh or drain near the center. Under these circumstances where there are essentially no development costs, where there is a present market for the smaller tracts and no speculation as to their best use and value, we think appellants are entitled to compensation on the basis of market value of the 20 acre tracts, rather than the 64 acres as a whole. Making the adjustments mentioned above, we conclude that the owners of the Prestridge tract are entitled to compensation on the basis of $1200 per acre for the entire 64.24 acres, or the sum of $77,088. Accordingly, each of the 2 appellants, Mrs. Prestridge and Mr. Tuttle, is entitled to $15,417.60 for his or her respective one-fifth interest in the property.
In this court counsel for Mrs. Prestridge, et al. filed a petition for supervisory writs, the purpose of which is to have this court receive in evidence the records of 2 additional sales of interests in a 12 acre tract located across the road from the Prestridge property, for which plaintiff is alleged to have paid the owners on the basis of about $1200 per acre. In the alternative, plaintiff asks for a remand for the reception of this evidence. The application for writs must be denied. This court cannot receive evidence. We see no purpose in remanding the case to the district court because such evidence would be purely cumulative.
For the reasons assigned, the judgment appealed herein is amended by increasing the award to the appellants, Mrs. Stella T. Prestridge and John H. Tuttle, Jr., from the sum of $11,570 each to the sum of $15,417.60 each. Otherwise than as herein amended, the judgment is affirmed.
Amended and affirmed.

ON APPLICATION FOR REHEARING
En Banc.
PER CURIAM.
By application for rehearing, counsel for defendants appellants points out that although we increased the amounts tendered to the landowners by the expropriating authority, which tendered amount was affirmed by the district court, we failed to change that portion of the lower court decree which assessed the two appellants with a proportionate share of the costs in the trial court; and that we likewise failed to assess the expropriating authority with all costs of this appeal.
Counsel for defendants appellants is correct. Where an expropriating authority *339 tenders less than true value, as subsequently determined by the courts, all costs of the suit are assessed against the expropriator. State through Department of Highways v. Barineau, 225 La. 341, 72 So. 2d 869 (1954); Louisiana Rural Electric Co. v. Wimberley, 69 So.2d 542 (La.App., 1st Cir. 1953); LSA-R.S. 19:12.
Defendants appellants also contend they should be awarded interest on the amounts by which we increased the awards. This contention has no merit. LSA-C.C.P. Article 1921 provides: "The court shall award interest in the judgment as prayed for or as provided by law." Under this codal article, interest may be awarded only if prayed for or if provided by statute (As in tort cases (LSA-R.S. 13:4203)). In the present case, defendants have not prayed for interest and counsel has not cited, nor have we found, any law providing for interest. The cases cited by counsel for defendants are not authority for the position he takes regarding interest.
For the reasons assigned, our original decree and the judgment appealed are hereby amended so as to relieve the defendants appellants, Mrs. Stella T. Prestridge and John H. Tuttle, Jr., from the payment of any costs in the lower court or of this appeal. The defendant, Mrs. Mary Jane Tuttle Martin, who did not appeal, must pay her pro rata share of the costs in the trial court as specified by the lower court judgment. Except for those costs of the trial court assessed against Mrs. Martin, all costs in the lower court, as well as the costs of this appeal, are assessed against the plaintiff appellee, Lake Charles Harbor and Terminal District.
The right is reserved to plaintiff, Lake Charles Harbor and Terminal District, to apply for a rehearing from this per curiam within the usual delays. Subject to the changes made herein, the application of defendants appellants for a rehearing is denied.