CULPEPPER, Judge.
This is a companion suit to Lake Charles Harbor & Terminal District v. Prestridge, La.App., 182 So.2d 334, in which a separate opinion is being rendered by us this date. The sole issue on appeal is the amount of compensation which plaintiff must pay to Mr. Dupin for the 40.92 acres expropriated.
*340 The property is a regular square forty acre tract, which abuts the west side of the southern “forty” of the Prestridge property. The Dupin property is also unimproved and is bisected by a marsh or drain running from north to south through the center. It was stipulated by the parties that 12.32 acres lies east of the marsh, 9.32 acres is in the marsh and 19.28 acres lies west of the marsh. The property outside the marsh is relatively high for the area and sparsely covered with pine timber. At the present time it has no access. The nearest road is State Highway #384, which is about 300 feet from the southeast corner of the 40 acre tract. It is possible that a right of way for access could be obtained from the owners of the Prestridge property, to provide access to the 12 acres east of the marsh, but the 19 acres west of the marsh is virtually inaccessible without considerable expense.
Although the evidence certainly does not show that the property has any present market value for sale to persons interested in buying individual rural homesites, it does appear that the possibility of such future development of the 12 acres east of the marsh would make the property attractive to persons interested in future residential subdivisions. This, of course, would apply only to the 12 acres lying east of the marsh. Any use of the remainder of the property for homesites is highly speculative.
The trial court awarded Dupin $18,500 for the 40.92 acres. This is an average of about $452 an acre. Defendant’s principal argument on appeal is that plaintiff paid the owners of adjoining properties of a similar nature a higher price per acre. After carefully reviewing the evidence we think the trial judge correctly concluded that the very small differences in the price per acre paid Mr. Dupin and these other adjacent owners was explained by the expert appraisers as being due to variances in accessibility, elevation and extent of marsh areas. For instance, plaintiff’s appraisers stated that as to the Granger tract of 80 acres, lying immediately north of the Dupin property, the high land east of the marsh was estimated at $750 per acre because it was accessible by the shell road. But that portion of the Granger tract which is west of the marsh and thus inaccessible was appraised at $500 an acre. The property in the marsh was evaluated at $350 an acre. Two other tracts, the Harrison property and the Neely property, were appraised by plaintiff’s experts in approximately the same manner. Using these same figures for the high land and the marsh land of the Dupin tract, we reach the conclusion that Harrison, Neely and Granger were paid about the same as Dupin. The small difference in price is satisfactorily explained. Certainly there is no manifest error on the part of the trial judge.
For the reasons assigned, the judgment appealed herein is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.