PRICE, Judge.
This appeal stems from an expropriation proceeding brought by the State of Louisiana through the Department of Highways to acquire a 32.247 acre strip of land from a 946 acre tract owned by defendants located a short distance from Monroe, made necessary by the construction of Interstate Highway No. 20. The construction of this limited access highway through defendant’s property split the tract into two segments, leaving a 191 acre tract north of the highway with no direct access to the remaining 723 acres south of the highway.
The issues to be resolved on this appeal relate to severance and consequential damages, and the adequacy of the deposit made by the Department of Highways as just compensation for the property taken.
The Department of Highways deposited the sum of $19,480 ($600 per acre) as just compensation for the property expropriated in accordance with the appraisals made in conformity with the highway expropriation statute, R.S. 48:441, et seq. The certificate of the Department appraisers reflected no severance damages would result from this proceeding.
After completion of the project, defendants answered the proceeding, asking that *302 the amount of just compensation be increased to $48,370.50 ($1,500 per acre) and that severance and consequential damages be awarded them in the total sum of $26,100.
After trial on the merits, the district court found the defendant’s evidence insufficient to establish that the fair market value of the acreage taken was any greater than the sum deposited by the State and rejected this demand by defendants. The court awarded defendants a total sum of $10,000 for severance and consequential damages.
From this judgment the Department of Highways has appealed, complaining the trial court erred in awarding damages. In answer to the appeal defendants have asked for an increase in the just compensation and damages allowed by the trial court.
We affirm the judgment appealed from.
Prior to the taking the northern 531 acres of defendants’ property was farm land and most of this acreage was under lease on a yearly rental basis for the growing of cotton and soy beans. This is the portion of defendants’ property which was affected by the expropriation as the cultivated area was divided approximately in the middle by the taking.
On trial of this cause four expert real estate appraisers testified: J. Wayne Medley and W. Dean Carter for the Department of Highways; and E. A. Porter and Gilbert Faulk for defendants.
Using the market data approach three of these appraisers, Medley, Carter and Porter, arrived at estimates of fair market value of subject property at the time of the taking of $550, $600 and $650 per acre, respectively. Faulk, using the same appraisal method, concluded a market value of $1,500 per acre. The trial judge gave no weight to the Faulk appraisal of market value as the court found the comparables relied on by him did not possess sufficiently similar characteristics to the subject property. The sales in question were of much smaller tracts, one 7.52 acres and another of 31.6 acres.
The 31.6 acre tract was sold to the City of Monroe to enable it to extend lighting facilities for an airport, the property acquired being the only property suitable because of location for this purpose. This was properly not considered an open market transaction by the court. The other sale of 7.52 acres was purported to be between members of the same family involving property used as a commercial truck farming operation for a recited consideration of $1,994.67 per acre. The sale of a tract of this size for the purpose intended is not indicative of the market value of a 900 acre tract used for general farming.
We are of the opinion the trial judge was well within the discretion vested in him in rejecting the Faulk estimate of market value as not being grounded on market data that was sufficiently comparable to the subject property. The evidence of market value elicited from the defendants’ other witness, Porter, was so near the estimates of the appraisers .for the Department of Highways that the trial judge concluded defendants had not shown by a preponderance of the evidence that the deposit for just compensation was inadequate. The record amply supports this conclusion.
Defendants claim severance damages result from the loss of direct access from the 191 acres of farmland isolated on the north of 1-20 to the remaining area used for cultivation of crops now lying south of the highway. They contend this causes loss of time and additional expense to a lessee in his farming of these tracts as it is necessary to transport equipment by a circuitous route of some three miles from one tract to the other. Defendants further contend the pattern of drainage of the northern remainder which was adequate prior to the construction has become impaired after completion of the project causing temporary flooding of approximately 20 acres after heavy rains, thereby lessen *303 ing the market value of this acreage for farming purposes. Porter estimated the severance loss at $13,000 and the drainage impairment loss at $13,100, for a total of $26,100. Faulk was of the opinion the two factors combined caused a loss of market value of $15,000.
Medley and Carter were of the opinion that even conceding the splitting of the cultivated area of the tract would cause a loss of value for farming purposes, the special benefits accruing to the property from the construction of the highway more than offset any diminution in value caused by the severance. Their opinions were based primarily on the conclusion the property was at the time of taking located such that it had a high potential for residential or commercial purposes and that the construction of the highway and a service road to serve the south remainder made it more probable the property would have a market for this purpose. They further gave consideration to contracts for sale of borrow pit material to the highway contractor, enabling the defendant to derive substantial sums from the sale of dirt from subject property.
The trial judge found that although the evidence did indicate the property had a potential for future residential or commercial value as the City of Monroe expands in future years, the evidence as to any present increment in value is inconclusive and of a speculative nature. The court did not consider the sale of dirt from the property to be a special benefit peculiar to these defendants, but one inuring to all property owners in the vicinity and rejected it as an offset to severance damages. In fixing the severance damages at the sum of $9,000, the court gave some consideration to the beneficial effect the service road had on the acreage adjoining it in the south remainder.
The Department of Highways urges the evidence presented by defendants seeking to sustain their burden of proving severance damages should not have been considered by the court as having more weight than the State’s appraisers testimony since the opinion of Porter and Faulk were not based on a before and after taking estimate of value as required by the jurisprudence, citing State, Through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961); State Through Department of Highways v. Mason, 254 La. 1035, 229 So.2d 89 (1969); and State, Through Department of Highways v. Central Realty Investment Company, 238 La. 965, 117 So.2d 261 (1960). Specifically, plaintiff relies on the following language from Central Realty Investment Company, which was again quoted with approval in the Mason case:
“It is well settled in our jurisprudence that the damages allowable under Section 2 of Article 1 of the Constitution of 1921, resulting from expropriation of property rights is the difference between the market value of the property for sale or rental purposes immediately before and immediately after the expropriation. Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354; American Tel. & Tel. Co. of Louisiana v. Maguire, 219 La. 740, 54 So.2d 4 and Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260.”
In effect, we find Porter has followed the rule quoted above from the Mason case. He ascertained the difference in the rental value of the acreage used for farming before and after the taking by the most direct method available. He consulted the present lessee who indicated he would be willing to pay $2,000 to $3,000 per year more rental if the acreage had not been divided by the limited access highway caus ing additional expense in farming operations conducted by him.
Apparently from the testimony in the record there have been no truly comparable sales (involving tracts of similar size and use) in this immediate vicinity since the taking.
*304 Therefore, the opinion and conclusion of the expert Porter, based on the loss . of rental method, is acceptable evidence on which to base an award of severance damages to comply with the constitutional mandate that private property shall not be taken for a public use without payment of just compensation therefor.
Defendants complain the award made by the trial judge for severance damages is insufficient and that his reasons for judgment reflect he gave some consideration to evidence of special benefits inuring to the property that are not justified by the evidence in the record. We find no error in this regard. The court specifically rejected any consideration of evidence relating to sale of borrow pit material and of any enhancement of the value of the property because of its abutment on 1-20.
The court did acknowledge that some consideration was given to the beneficial effect the service road constructed along the south remainder had on that tract as enhancing its value for future subdivision purposes. We do not consider this as being an abuse of the discretion vested in the trial judge to consider all evidence bearing on the question of severance damages and according proper weight thereto. Nor can we find any manifest error in the award of $9,000 by the court for damages caused by the division of defendants’ lands.
There is ample evidence in the record to sustain the amount awarded of $1,000 for consequential damages resulting from an impairment of drainage on the tract lying north of 1-20.
We recognize there is conflicting evidence between the expert engineers presented by defendants and the Department of Highway engineers as to the sufficiency of the culverts installed to facilitate drainage underneath the highway in a southerly direction.
The trial judge was convinced from the evidence presented that some damage, although slight, had occurred and made a modest award for this purpose. We find his conclusion to be supported by the evidence and entitled to the protection of the manifest error rule as recently emphasized by the Supreme Court in the case of State, through Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972).
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.