JOHNSON, Judge.
The above numbered and entitled matter was consolidated for trial in the District Court with the following cases: Louisiana Resources Company v. Harold H. Stream, III, Trustee, et al., our Docket Number 5934; Louisiana Resources Company v. Alice Kurtz Arguello, Trustee, et al., our Docket Number 5935; Louisiana Resources Company v. Matilda Gray Stream, et al., our Docket Number 5936; and Louisiana Resources Company v. Joseph C. Roberts, et ux., our Docket Number 5938. These cases remain consolidated on appeal and we decide all of these cases today. The facts and law are common to each case.
These cases have been before this Court at other times on other phases of the cases. The only question before this Court at the present time is to determine who will be cast for court costs. The trial court east the defendants in the same proportions as the amounts awarded them for their respective properties. Defendants appeal.
These cases were tried by a jury and awards have been made to the defendants for the pipeline rights-of-way. The evidence shows that in every one of the cases, the jury awarded much less to the defendants than had been offered to them by the plaintiff prior to the institution of the suits. From our analysis of the record, we have found the offers and the awards to be as follows:
Our Docket Amount Amount Offered Awarded by Jury
5933 $ 4,130.00 $ 1,250.00
5934 31,106.15 27,475.00
5935 17,635.20 9,775.00
5936 11,237.10 9,050.00
5938 420.00 200.00
The trial court held, on the basis of the evidence presented, that it would have been a vain and useless thing for the plaintiff to have made an actual tender of the amounts offered. Accordingly, the trial court, relying on Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805 (La.1941) and American Tel. & Tel. Co. of La. v. Maguire, 219 La. 740, 54 So.2d 4 (La.1951), concluded that a tender under LSA-R.S. 19:12 was not required; and, considering that the jury award was considerably less than the amounts offered, assessed all costs to the defendants.
We feel that the able trial judge has correctly analyzed the factual situation and has applied the appropriate law. Accordingly, we adopt and quote his reasons for judgment as our own. His opinion follows:
“These expropriation cases were consolidated and tried before a jury. The awards to the respective landowners were less than the amounts offered them by the plaintiff prior to institution of the suits, and the court must now determine who is liable for court costs.”
“The legal issue presented is whether an actual tender of the true value of the property expropriated or merely an offer thereon (and a refusal by the landowner) is required under the provisions of LSA-R.S. 19:12, which reads as follows:
‘If a tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner.’
“In support of its position that the defendants should be assessed with the costs, even though no actual tender was made, the plaintiff relies principally on two decisions of the Louisiana Supreme Court, Louisiana Highway Commission vs. Bullis, 197 La. 14, *112 200 So. 805 (1941) and American Tel. & Tel. Co. of La. vs. Maguire, 219 La. 740, 54 So.2d 4 (1951).”
“In Bullis the court said:
‘The evidence in this case shows that an agent of the Commission carried on negotiations with the defendants with a view of amicably acquiring the right-of-way in controversy without exercising the rights of expropriation and that the defendant Bullis, who is also of counsel for his co-defendants, informed the agent the least amount the defendants would take for the land was $150 an acre, this to be exclusive of any damage to crops, which amount the agent considered excessive and so informed defendant Bullis. This is admitted by the only defendant who testified in this case, J. B. Thomas.’
‘(3) The jurisprudence in our state conforms with the universal rule of law to the effect that a formal tender is not required, where it would be of no avail. * * * The reason for this rule is that the law does not require anyone to do a vain and useless thing.’
‘(4) Under the facts in this case a tender was unnecessary unless the Louisiana Highway Commission was willing to pay the defendants at least the amount of $150 an acre — more than twice the actual value of the land as found by the jury.’ (200 So. 806. Underscoring by this court.)
“In Maguire the court said:
‘Counsel also assert that the trial judge erroneously assessed costs against defendant because the evidence does not disclose that any offer was made as compensation for the damages sustained.’ ‘We find no merit in the point. Article 2638 of the Civil Code declared that the costs in expropriation proceedings may be taxed against the owner where there has been a tender of the true value of the land and it was held in Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, that the tender provided for by the Article is not essential when it would be of no avail. While it is true in the case at bar that no specific sum was offered as damages, it clearly appears from defendant’s testimony that none was necessary as he was steadfast in his position that he would resist the granting of the right of wav at the particular location designated bv plaintiff, stating that “I would not accept any sum of money to let them go where they had the line * * *”.’ (54 So.2d 5. Underscoring by this court.)
“On the other hand, the defendants have cited numerous decisions, mostly from the Courts of Appeal, which generally state that to avoid the imposition of court costs the expropriating authority must ‘tender’ the true value of the property. However, none of the opinions in these cases, except Collins Pipeline Company vs. New Orleans East, Inc., 250 So.2d 29 (La.App. 4 Cir. 1971), clearly reflect that the real issue with respect to assessment of court costs was whether there was an actual tender as opposed to an offer of the true value of the land and whether the evidence revealed that such a tender would have been to no avail and a vain and useless thing. In Collins the Court said:
‘We can find no evidence of a tender made by Collins. The trial judge properly refused evidence which would have established a “final offer” bv Collins because unless there was a tender Collins could not avoid court costs. Therefore, it was error for the trial court to cast each party for its own costs and this portion of the judgment will be reversed and remanded for a determination of costs, including expert witness fees to be paid by Collins.’ (Page 38. Underscoring by this court.)”
“However, that case was remanded for further proceedings and the refusal of writs by the Supreme Court was based simply on the fact that the judgment was not then final. This court is not aware of any decision by the Louisiana Supreme Court altering the rule of law set forth in the Bullis and Maguire cases.”
“From its review of the jurisprudence on this subject, the court concludes that to avoid liability for court costs in an expropri *113 ation proceeding the plaintiff must make an actual tender, equal to or more than the amount finally awarded to the landowner, prior to institution of the suit, unless the facts and circumstances of the case clearly indicate such tender would have been a vain and useless thing. In the latter situation, a bona fide offer in that amount, and its refusal, will necessitate taxing the court costs to the landowner.”
“Turning now to the facts of these suits, it was stipulated that no actual cash tender was made to any of the defendants. However, it was further agreed that oral and written offers in excess of the amounts of the verdicts rendered by the jury in each case, were made to the defendants before the suits were filed. Mr. Jerry G. Jones, one of the attorneys for the plaintiff, testified that he met with the attorneys for the defendants on several occasions to negotiate the acquisition of the rights-of-ways and submitted written offers. However, he was informed by such attorneys the plaintiff’s offers had been discussed with all of their clients in these cases and they would not accept same. No counter offers were made. Mr. Jones’ testimony on the subject was uncontradicted. ’ ’
“There is no indication whatsoever in the record that any of these defendants would have accepted the amounts offered and granted the rights-of-way prior to the institution of the suits. Nor did they give Mr. Jones any indication that they wanted to discuss the matter any further when he submitted the last offer shortly before the suits were filed. The inescapable conclusion is that the defendants then would not have accepted actual cash tenders in the lesser amounts awarded by the jury. Certainly, under these circumstances actual tenders of the amounts awarded the respective landowners for their land and losses would have been to no avail and a vain and useless thing. Therefore, under the law the landowners are liable for the court costs.”
“For the foregoing reasons, there will be judgment herein assessing the costs of court to the defendants in each of the cases in the same proportions as the amounts awarded them for their respective properties. The fees of the experts who testified at the trial of these cases will be fixed as follows:
Mr. William B. Coleman .$4,300.00
Mr. Dan A. Ritchie.$4,300.00
Mr. Norman Terry .$3,000.00
and taxed as costs.”
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are taxed against the appellants.
AFFIRMED.